MEMORANDUM **
Allen Rupok Boidya, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming the immigration judge’s (“IJ”) denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”).[1] We review the BIA’s decision for substantial evidence and will reverse “only if the applicant shows that the evidence compels the conclusion that the asylum decision was incorrect.” Xiaoguang Gu v. Gonzales, 429 F.3d 1209, 1212-13 (9th Cir.2005) (citations omitted). Because substantial evidence supports the BIA’s decision, we deny the petition for review. See Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003).
Boidya does not contend that he suffered past persecution. He therefore bears the burden of establishing a well-founded fear of future persecution. Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). Although Boidya’s credible testimony established he subjectively fears future persecution by Islamic fundamentalists on account of his Christian religion,[2] see Kaiser v. Ashcroft, 390 F.3d 653, 658 (9th Cir.2004), substantial evidence supports the IJ’s conclusion that Boidya’s fear is not objectively reasonable in light of the existing conditions in Bangladesh, see Nahrvani v. Gonzales, 399 F.3d 1148, 1152-54 (9th Cir.2005) (finding petitioner’s claim of future persecution too speculative where record did not establish the government’s inability or unwillingness to control groups petitioner feared). Even if Boidya established that Christians are a disfavored group in Bangladesh, he did not show that the threat to Christians was particularly widespread. See Sael v. Ashcroft, 386 F.3d 922, 925 (9th Cir.2004). In that light, the combination of the isolated incidents of harassment and discrimination directed towards Boidya and his family, while possibly permitting a finding of well- *557 founded fear, do not establish a sufficiently individualized risk to compel such a conclusion. See Nahrvani, 399 F.3d at 1152-54 (finding petitioner failed to establish well-founded fear where he was subject to numerous incidents of death threats, harassment, and vandalism to his and his family’s property). We therefore must uphold the BIA’s decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
PETITION DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Because Boidya waived any challenge to the BIA's denial of withholding of removal and CAT relief by not raising these issues in his brief to this court, we address only Boidya’s asylum claim. See Quan v. Gonzales, 428 F.3d 883, 890 (9th Cir.2005) (citing Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996)).

. In his brief, Boidya claims a fear of persecution on account of membership in a particular social group, i.e., his family. He did not, however, raise this claim before the BIA or the IJ. We therefore lack jurisdiction to address the matter. See Thomas v. Gonzales, 409 F.3d 1177, 1183 (9th Cir.2005) (en banc); Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir.2003) (“Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or the IJ.”) (citing 8 U.S.C. § 1252(d)).